UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Helen Joseph,

    Plaintiff,

v.                                          Case No.: 11-14129
                                              Honorable Sean F. Cox

Federal Home Loan Mortgage Corporation,

    Defendant.

_____/

**OPINION & ORDER GRANTING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Helen Joseph ("Plaintiff") filed this action against the Federal Home Loan Mortgage Corporation ("Defendant"), asserting multiple claims relating to a residential mortgage. The matter is currently before the Court on Defendant's Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56. Plaintiff did not file a response to the motion, even after this Court issued an order directing Plaintiff to show cause in writing why the unopposed motion should not be granted. The Court finds that oral argument would not significantly aid the decisional process and therefore orders that the motion will be decided upon the briefs. *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan. For the reasons below, the Court shall GRANT the motion.

I.    Procedural History:

Plaintiff filed this action in state court on or about August 25, 2011, and Defendant

1

thereafter removed the action to this Court based on diversity jurisdiction.

Plaintiff's complaint[1] asserts the following counts: "Quiet Title" (Count I); "Unjust Enrichment" (Count II); "Breach of Implied Agreement/Specific Performance" (Count III); and "Breach of MCL 3205(c)" (Count IV).[2]

On November 7, 2011, this Court held a Scheduling Conference. On November 9, 2011, this Court issued a Scheduling Order that provides: 1) witness lists must be filed by January 6, 2012; 2) a discovery cut-off of February 7, 2012; and 3) a March 9, 2012 deadline for filing motions. (D.E. No. 6).

On January 31, 2012, Defendant filed its "Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56." (D.E. No. 7).

Pursuant to Rule 7.1(c)(1) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available." Rule 7.1(e) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion. Thus, if Plaintiff opposes Defendant's pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion.

Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of March 23, 2012, no brief in opposition to the pending motion had been

---

[1]Within her complaint, Plaintiff incorrectly identifies Defendant as "CitiMortgage." (Complaint at ¶ 3).

[2]Plaintiff incorrectly labels this claim "Count VII."

filed by Plaintiff.

Accordingly, on March 23, 2012, this Court issued an Order requiring Plaintiff to show cause, in writing, no later than March 28, 2012, why Defendant's motion should not be granted. (D.E. No. 9). Nevertheless, Plaintiff has not filed any response to the pending motion or the Show Cause Order; nor has Plaintiff sought to voluntarily dismiss any of his claims in this action.

II.     Uncontroverted Facts:

On April 2, 2007, Helen Joseph and Francis Meju executed a note and mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender, Wachovia Mortgage Corporation. (Mortgage, Def's Br., Ex. A). Plaintiff borrowed $120,000 to purchase property located at 2968 Marshall Street, Southfield, MI 48076. (*Id.*). On May 13, 2009, MERS assigned the mortgage to JPMorgan Chase Bank, N.A. ("Chase"). (Def's Br., Ex. B).

Plaintiff defaulted on her note and Chase commenced foreclosure by advertisement proceedings. Defendant purchased the property at a sheriff's sale held on August 3, 2010. (Def's Ex. C). On February 3, 2011, Plaintiff's statutory redemption period expired and Plaintiff did not redeem the property.

Defendant subsequently initiated eviction proceedings in the 46th District Court of Michigan. During this period, Plaintiff had been attempting to negotiate a loan modification with Chase, and as a result, Defendants were required to adjourn their eviction proceedings. Eventually, Plaintiff filed for Chapter 13 bankruptcy and the 46th District Court administratively

closed Defendant's eviction action.

Plaintiff filed the instant action on August 25, 2011. Upon discovering that Plaintiff's Chapter 13 bankruptcy case was dismissed, Defendant re-opened its eviction action in 46th District Court. On November 7, 2011, Defendant received a Judgment of Possession, which stated that no writ of eviction would issue until the resolution of Plaintiff's quiet title action before this Court. (Def's Ex. D).

## LEGAL STANDARD

Although Plaintiff has not filed a brief opposing Defendant's motion, the Sixth Circuit has instructed that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991); *see also Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) ("The trial court must indeed intelligently and carefully review the legitimacy" of an "unresponded-to motion."). The Sixth Circuit has further explained that:

> In the absence of a response, the court must review carefully those portions of the submitted evidence designated by the moving party. Neither the trial nor appellate court, however, will *sua sponte* comb the record from the partisan perspective of an advocate for the non-moving party. Rather, in the reasoned exercise of its judgment the court may rely on the moving party's unrebutted recitation of the evidence, or pertinent portions thereof, in reaching a conclusion that certain evidence and inferences from evidence demonstrate facts which are "uncontroverted."

*Id*. at 410.

4

ANALYSIS

For the reasons below, the Court shall GRANT Defendant's motion for summary judgment.

I. <u>Plaintiff's Quiet Title Claim (Count I) and Unjust Enrichment Claim (Count II):</u>

First, Plaintiff alleges that "the action of the Defendants was intentionally designed to preclude the Plaintiff from entering into a Loan Modification" and therefore the Court should "quiet title" in Plaintiff's name because Defendant has been unjustly enriched.

Defendant is entitled to summary judgment on these claims. When a plaintiff seeks to quiet title to property, "the plaintiff has the burden of proof and must make out a prima facie case of title. Once the plaintiff makes out a prima facie case, the defendants then have the burden of proving superior right or title in themselves." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co. Road Comm'n*, 236 Mich. App. 546, 550, 600 N.W.2d 698 (1999). Here, because Plaintiff has failed to respond, Plaintiff has not established a prima facie case of title. Plaintiff has not submitted evidence of its loan modification efforts, or evidence of whether such a modification was completed. There is no question of material fact that Plaintiff defaulted on her loan, the property was foreclosed upon, and Plaintiff failed to redeem her property within the statutory redemption period. Thus, Plaintiff has not established a basis in law to extinguish Defendant's interest in the property or to support its claim that Defendant will be unjustly enriched by executing on its interest.

II. <u>Plaintiff's Breach of Implied Agreement/Specific Performance Claim (Count III):</u>

Under Count III, Plaintiff appears to allege that Defendant has breached an implied contract because "Plaintiff has attempted in good faith to continue with the Loan Modification

5

process to no avail." (Complaint at ¶ 27).

Defendant is entitled to summary judgment on this count as well. As an initial matter, Defendant is not a party to any loan modification agreement with Plaintiff and therefore no written or implied loan modification agreement existed between Plaintiff and Defendant. In any event, as stated above, Plaintiff has not established that any such loan modification was executed or that Defendant was under any obligation to modify Plaintiff's loan. Courts will not imply a contract between parties where an express, written contract exists. *Bluebonnet Warehouse Co-op. v. Bankers Trust Co.*, 89 F.3d 292, 300 (6th Cir. 1996). In this case, the contractual obligations between Plaintiff and Defendant are government solely by the mortgage agreement. Additionally, under Michigan's statute of frauds, any alleged promises by a financial institution to modify the terms of a loan must be reduced to writing. *See* M.C.L. § 566.132(2). Again, Plaintiff has produced no such writing to support the allegations in her complaint. Because Plaintiff has not responded to Defendant's motion, Plaintiff has not created a genuine issue of material fact as to any of the issues.

III.   Plaintiff's M.C.L. § 600.3205c Claim (Count IV):

Finally, Plaintiff alleges that Defendant violated M.C.L. § 600.3205c. After listing the requirements of § 600.3205c, Plaintiff merely alleges, "Defendant(s) have failed to follow MCL 3205 (c) in that the Defendant(s) have failed to modify the mortgage." (Complaint at ¶ 33).

Section 600.3205c provides the steps a lender must take when a borrower requests a loan modification. It also provides the required calculations the lender must perform in order to determine if a borrower is eligible for a loan modification. M.C.L. § 600.3205c(1). If a

6

borrower is eligible for a loan modification and the lender still seeks to foreclose on the property, the lender may not foreclosure by advertisement. Rather, the lender must proceed with judicial foreclosure proceedings. M.C.L. § 600.3205c(6).

As an initial matter, Plaintiff has not challenged the actions of the party that actually commenced foreclosure proceedings – in this case, Chase. Instead, Plaintiff filed this action against Defendant on August 25, 2011 – over a year after the sheriff's sale on August 3, 2010, and over six months after the expiration of the redemption period, which occurred on February 3, 2011. "It is well-settled law in Michigan that the mortgagors 'lose all the right, title, and interest' in the property upon the expiration of the statutory redemption period. Without any fee authority, a mortgagor no longer retains the legal ability to raise any claims with regard to the foreclosed property.'" *Waack v. Bank of America, BAC*, 2012 WL 1078470 (E.D. Mich. March 12, 2012) (Cook, J.) (citing *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–188, 4 N.W.2d 514 (1942)); *see also Overton v. Mortgage Elec. Registration Sys.*, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009) ("Once the redemption period expired, all of plaintiff's rights in and title to the property were expired."). Thus, Plaintiff cannot challenge the foreclosure proceedings under M.C.L. § 600.3205c because she no longer has any interest in the property.

Furthermore, Plaintiff has not provided evidence to establish that she was eligible for a loan modification or that Chase failed to follow the requirements of M.C.L. § 600.3205c(1). The evidence provided by Defendant shows that Defendant was not the party that commenced foreclosure by advertisement proceedings or the party that initiated the loan modification process, and therefore could not have been the party to violate M.C.L. § 600.3205c.

7

Accordingly, Defendant is entitled to summary judgment on this count.

CONCLUSION

For the reasons set forth above, the IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (D.E. No. 7) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED WITH PREJUDICE.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 4, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 4, 2012, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager